U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 DEC 16 AM 8 47

CLERK
RPUASV
DEPUTY CLERK

UNITED STATES DISTRICT COURT
For the District of Vermont

| | |
|---|---|
| GERRIT W. KOUWENHOVEN<br>ELLEN D. KOUWENHOVEN,<br>   Plaintiffs<br><br>Vs.<br><br>USA TRUCK, INC., an Illinois<br>   Corporation<br>SCOTT M. LAFATA<br>   Defendants | 2:04-cv-340<br><br>COMPLAINT |

## JURISDICTION

The Plaintiffs, Gerrit W. Kouwenhoven and Ellen D. Kouwenhoven, are residents of Rupert in the County of Bennington and the State of Vermont.

On information and belief the Defendant USA Truck, Inc. is an Illinois Corporation with a place of business at 4303 N. Main Street, E. Peoria, IL 61611.

On information and belief the Defendant Scott M. Lafata is a resident of Mississippi with a residence at 112 Ashford Drive, Gulfport, MS 39503.

There is complete Diversity of Citizenship between all Plaintiffs and all Defendants.

The amount in controversy exceeds Seventy-five Thousand Dollars.

Jurisdiction is claimed under 28 USC 1332

1

## STATEMENT OF FACTS

1. At a little before 8:00 am on April 19, 2004 Plaintiff, Gerrit W. Kouwenhoven, was driving his automobile eastbound on River Road in Manchester Vermont. At the same time Defendant, Scott M. Lafata, was operating a Freight Line Tractor Trailer owned by the Defendant, USA Truck, Inc. in a westbound direction on the same River Road in Manchester.

2. River Road is a winding Class 3 highway maintained and operated by the Village of Manchester. River Road is posted for traffic not in excess of 24,000 lbs. River Road is also posted as "no through trucking".

3. On the morning of April 19, 2004 Defendant Scott M. Lafata was employed by the Defendant USA Truck, Inc. Defendant Lafata had been directed by his employer to deliver the contents of the tractor trailer he was operating to Wallace Computer Company in Manchester Vermont.

4. When Defendant Lafata turned onto River Road he saw and was aware that River Road was posted against through truck traffic. When Defendant Lafata turned onto River Road he saw and was aware River Road was posted against traffic in excess of 24,000 lbs and he knew his tractor trailer was loaded with 64,000 lbs of paper for delivery to Wallace Computer Company.

5. Notwithstanding the fact that Defendant Lafata knew River Road was posted against through truck traffic and that he was operating a vehicle 40,000 lbs over the permitted weight limit for River Road he continued westbound on River Road.

6. At the point where Plaintiff, Gerrit W. Kouwenhoven, encountered Defendant Lafata operating Defendant USA Truck, Inc.'s Freight Line Tractor Trailer there is a curve in River Road. In addition, there is a substantial stone wall marking the northern boundary of River Road. This stone wall ran parallel with the passenger's side of Mr. Kouwenhoven's car.

7. Mr. Kouwenhoven realized there was not enough room for his vehicle and the tractor trailer to pass each other. Plaintiff Kouwenhoven pulled his vehicle as far to the right as possible, as close to the stone wall as possible, and stopped.

8. The cab of the tractor trailer operated by Defendant Lafata passed by Mr. Kouwenhoven's car but the rear wheels did not. The rear wheels of the tractor trailer undercut the corner, crossed over the dividing line and impacted the front of Mr. Kouwenhoven's car and began pushing the vehicle backwards. The tractor trailer continued on after impact with the front of Mr. Kouwenhoven's car driving it back and causing the right rear side of the car to crash and careen against the stone wall. The rear tires of the tractor trailer eventually traveled up and over the hood of Mr. Kouwenhoven's car which then allowed the car to spin away from the wall and come to rest in River Road. Defendant Lafata noticed what had occurred at the rear of his tractor trailer and stopped his vehicle. The police, rescue and fire personal were called to the scene. Mr. Kouwenhoven was injured and trapped in his car. The rescue personal had to cut the roof off the vehicle to extract Mr. Kouwenhoven and he was then transported to the Southwest Vermont Medical Center.

## COUNT ONE

9. Defendant Lafata had a duty to operate his vehicle in a safe and lawful manner. Mr. Lafata breached that duty. As a direct and proximate result of the negligence of Mr. Lafata, Mr. Kouwenhoven's vehicle was totally destroyed; Mr. Kouwenhoven suffered serious temporary and permanent injuries, incurred substantial medical costs and will in the future incur additional medical expenses. In addition to the pain and suffering and related losses suffered to date Mr. Kouwenhoven will in the future sustain permanent personal injury, loss and impairments.

## COUNT TWO

10. At all times relevant Mr. Lafata was employed by defendant USA Truck, Inc. His actions at all times relevant were in the course of his employment by USA Truck, Inc. Defendant USA Truck, Inc. had a duty to have its vehicles operated in a safe and lawful manner. USA Truck, Inc. breached its duty. As a direct and proximate result of the negligence of USA Truck, Inc., Mr. Kouwenhoven's vehicle was totally destroyed, Mr. Kouwenhoven suffered serious temporary and permanent injuries, incurred substantial medical costs and will in the future incur additional medical expenses and has endured and will continue to endure substantial pain and suffering.

## COUNT THREE

11. Defendant Lafata's negligence occurred during the course of his employment by USA Truck, Inc. USA Truck, Inc. is liable for the actions of its employees during the course of their employment. As a direct and proximate result of the negligence of Mr. Lafata, Mr. Kouwenhoven's vehicle was totally destroyed, Mr. Kouwenhoven suffered serious temporary and permanent injuries, incurred substantial medical costs and will in the future incur additional medical expenses and has endured and will continue to endure substantial pain and suffering. USA Truck, Inc. is responsible for the direct and proximate consequences of Mr. Lafata's negligence.

## COUNT FOUR

12. Gerrit W. Kouwenhoven and Ellen D. Kouwenhoven have been married forty-three years. As a result of the negligence of the Defendants Mrs. Kouwenhoven has been deprived of the services, love and affection of her husband.

13. Wherefore Plaintiffs Gerrit W. Kouwenhoven and Ellen D. Kouwenhoven demand damages against the Defendants Scott M. Lafata and USA Truck, Inc. in an amount in excess of the Jurisdictional limits of this Court together with their costs of suit, interest and such other relief as the Court deems meet and just.

## COUNT FIVE

14. The alleged acts of the defendants were committed in clearly intended malice, wanton and reckless disregard for the safety and lives of the plaintiffs and others in their use of the subject public highway.  The disregard and violation of laws and regulations applicable to large vehicles operated for a commercial purpose was purposeful, deliberate and in the pursuit of undeserved profit and reward.  Such conduct is to be deterred for the safety and benefit of the public and for that purpose the plaintiffs seek a jury award of punitive and exemplary damages against each and both of the defendants.

## JURY DEMAND

Plaintiff demands trial by Jury on all issues so triable.

Dated:  December 15, 2004                JOSEPH J. O'DEA, PC

By _____
Joseph J. O'Dea, Esq., attorney
For Plaintiffs
3768 Main Street
PO Box 286
Manchester, VT 05254
(802) 362-2240

F:\kouwenhoven\accident\complaint.doc